UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  **Index No.: 08 CIV 6227**

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford

<em>Plaintiffs,</em>

<em>-against-</em>

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

<em>Defendants.</em>

-------------------------------------------------------------------------X

<strong><u>AFFIDAVIT OF PERSONAL SERVICE</u></strong>

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

Conor McDonald, the undersigned, being over the age of 18 and not a party to this action and
being, duly sworn, deposes and says, as follows:

That on July 24, 2008, I served a true copy of the attached **SUMMONS IN A CIVIL ACTION,
COMPLAINT and JURY DEMAND** upon the offices of Gibson & Behman, P.C., at 80 Broad
Street, 13th Floor, New York, New York 10004. The aforesaid papers were handed by me to a
man who identified himself as Ron Langman. Mr. Langman had a medium complexion, short
dark hair, was approximately 30-35 years of age, weighed approximately 150-165 pounds, and
was approximately 5'5"-5'8" tall. Mr. Langman acknowledged service by accepting the papers
and printing and signing his name on a copy of the Summons included herewith.

_____
Conor McDonald

Sworn to before me this
24th Day of July, 2008

_____
NOTARY PUBLIC

BRIAN CASEY
Notary Public, State Of New York
No.02CA6069297
Qualified In Nassau County
Commission Expires January 28, 20 _10_

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

JUDGE KAPLAN

CASE NUMBER:

08 CIV 6227

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_Ron Longman_

**J. MICHAEL McMAHON**

JUL 0 9 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

JUDGE KAPLAN UNITED STATES DISTRICT COURT

_____Southern_____     District of     _____New York_____

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

'08 CIV 6227

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    JUL 0 9 2008

_____                    _____
CLERK                                                DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 7/24/08 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Conor McDonald | Para legal |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:
80 Broad Street, 13 Floor  New York, NY 10004

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___7/24/08___        _Conor McDonald_
                Date                   Signature of Server

126 Well St.  New York, NY 10007
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest to
Security Insurance Company of Hartford,
a foreign corporation,

                                    Plaintiff,

        -against-

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation,

                                    Defendants.
------------------------------------------------------------------X

Case No.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, by their attorneys, LEAHEY & JOHNSON, P.C., complaining of the Defendants herein, alleges the following upon information and belief:

## THE PARTIES

1.    Plaintiff ARROWOOD INDEMNITY COMPANY is a corporation registered in the State of Delaware, and the successor in interest to Security Insurance Company of Hartford, a foreign corporation (herein "Royal"). Royal bases its operations in Charlotte, North Carolina. At all times relevant hereto, Royal was an insurance company providing, *inter alia,* primary liability insurance to companies for injuries to persons.

2.    Defendant GIBSON & BEHMAN, P.C. is a professional corporation registered in the Commonwealth of Massachusetts (herein "Gibson & Behman") that does business as a law firm in multiple cities across the United States. The facts of this Complaint relate to Gibson & Behman's attorneys located at its offices in New York, New York.

3.     At all times relevant hereto, attorney Mark S. Grodberg was an employee, shareholder, partner and/or agent of Gibson & Behman practicing law from the Gibson & Behman offices located in New York, New York.

## JURISDICTION AND VENUE

4.     This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of the State of Delaware and Defendant is a citizen of the Commonwealth of Massachusetts (with principal offices in the State of New York for the purposes of this case).

5.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6.     Venue is proper in the Southern District of New York because Defendant Gibson & Behman conducts business, and for the purposes of this case, resides in this judicial district. 28 U.S.C. §1391.

## ALLEGATIONS COMMON TO ALL COUNTS

7.     On or about April 26, 2003, Lionel Nixon was working as a driver's helper for a linen company when he delivered fresh linens to a restaurant commonly known as "The Parrot Restaurant" located at 123-07 Liberty Avenue, Richmond Hill, New York.

8.     At the time and place aforesaid, Lionel Nixon slipped and fell while ascending a stairwell at the restaurant premises.

9.     At the time of the accident, Lionel Nixon was 45 years of age and working full-time.

10.     As a result of the accident, Lionel Nixon sustained injuries to his left knee that required surgical repair of the quadriceps tendon.

11.    On December 12, 2003, Lionel Nixon filed suit for premises liability in Kings County Supreme Court in the State of New York, captioned *Lionel Nixon v. 123 S.S.S.S., Ltd. d/b/a The Parrot Restaurant*, Docket # 43749 (herein "Nixon Litigation").

12.    Royal provided personal injury premises insurance coverage to the defendants in the Nixon Litigation pursuant to a policy of insurance for premises liability.

13.    Upon notice of the Nixon Litigation, Royal retained attorney Mark S. Grodberg (herein "Grodberg") and Gibson & Behman to represent and defend Royal's own interests and the interests of Royal's insureds.

14.    On or about September 1, 2005, Grodberg advised Royal that although plaintiff's injuries appeared significant, the principal and viable defense under which the defense could prevail at trial would be based upon a lack of premises liability.  To establish this liability defense, Grodberg advised Royal that he would retain Affiliated Engineering Laboratories, Inc. ("Affiliated") and Jeffrey J. Schwalje ("Schwalje") to conduct an on-site inspection in order to establish no liability for Lionel Nixon's damage claims.

15.    Grodberg, in fact, subsequently retained Affiliated and Schwalje for that purpose.

16.    Affiliated is a corporation registered in the State of New Jersey that *inter alia*, provides structural and consulting engineers to companies and law firms seeking such necessary services in litigation of personal injury, property damage and/or product liability claims.

17.    Schwalje was an engineer of Affiliated working from its offices in Edison, New Jersey at all times pertinent to this complaint.

18.    Schwalje wanted to inspect the pertinent portions of The Parrot as a basis for his opinions in the Nixon Litigation.

19.    Grodberg informed Schwalje that he could access The Parrot on September 21, 2005, at a certain time and that Grodberg would meet Schwalje there that day at the appointed time.

20.    For reasons to be discovered, Grodberg failed to meet Schwalje at The Parrot on September 21, 2005, at the appointed time. The Parrot also was closed for interior remodeling (to other parts of the restaurant) on September 21, 2005. As a result of these two circumstances, Schwalje could not access The Parrot on September 21, 2005. Schwalje made several attempts while he was there to contact Grodberg and others to gain access to The Parrot without success. Schwalje returned to his New Jersey office without inspecting the restaurant premises at issue in the Nixon Litigation.

20.    On or about October 12, 2005, Schwalje submitted a report to Gibson & Behman in which he stated that: (1) he "...traveled to The Parrot Restaurant on 9/21/05 to inspect the incident stairway", (2) "Lighting is provided to the stairway from light fixtures at the top and bottom of the stairway and light strips along each stringer. The lighting provided was adequate to safely illuminate step features", and (3) "there is no evidence of loose carpeting on the stair treads. The stairs appear to be well maintained and safe for pedestrian use." A true and accurate copy of Schwalje's October 12, 2005 report to Gibson & Behman is attached hereto and made a part hereof as **Exhibit "A"**.

21.    When Grodberg received Schwalje's report, dated October 12, 2005, Grodberg knew that Schwalje had not gained access to The Parrot and had not made an inspection of its premises. Grodberg informed Royal of Schwalje's favorable report supporting the premises liability defense of The Parrot in the Nixon Litigation, but did not inform the Royal or the Parrot

principals that Schwalje had never inspected the premises before issuing his report to Gibson & Behman.

22.    On or about November 3, 2005, Grodberg filed a Supplemental Expert Witness Disclosure in The Parrot Restaurant Litigation in which he named Schwalje as an expert in the Nixon Litigation and stated therein that Schwalje would rely upon "his examination of the premises..." to support his opinions.  A true and accurate copy of this Supplemental Expert Witness Disclosure is attached hereto and made a part hereof as **Exhibit "B"**.

23.    The trial in the Nixon Litigation was scheduled for May 8, 2006.

24.    In or about January 2006, new counsel for The Parrot substituted for Gibson & Behman and Grodberg in the Nixon Litigation.

25.    On or about May 3, 2006, Schwalje disclosed to new counsel (and Royal) for the first time that he never actually viewed the stairs in question. Schwalje informed counsel that Grodberg was aware of the fact that he had never actually inspected the stairs and that he never authorized Grodberg to disclose the report as if Schwalje had actually viewed the stairs in question.

26.    Under these circumstances, the defense could not use Schwalje at trial because his credibility was seriously compromised by Grodberg's disclosure of Schwalje's report as though he had inspected The Parrot premises.

27.    Royal was unable to retain another engineer to inspect the site because prior to January 2006, the premises of The Parrot at issue in the Nixon Litigation had been materially changed or remodeled. Thus, Royal and its insureds were left without an expert witness on the premises liability defense mere days before trial in a case with significant injuries to the plaintiff.

28.    As a result, Royal could not offer a liability defense and had no choice but to settle the Parrot Restaurant Litigation on the eve of trial for $585,000.

## COUNT I
## PROFESSIONAL NEGLIGENCE
### Gibson & Behman and Grodberg

29.    Plaintiff realleges and restates paragraphs 1 through 28, inclusive, of the complaint as if fully set forth herein.

30.    Grodberg and Gibson & Behman owed a duty to Royal and its insureds to exercise that degree of care, skill and diligence commonly possessed by a member of the New York legal community in relation to its retention in The Parrot Restaurant Litigation.

31.    Grodberg and Gibson & Behman breached their respective duties to Royal and its insureds by:

a.    advising that they would retain Affiliated Engineers for the purpose of conducting an on-site inspection of the Parrot Restaurant premises but failing to confirm and ensure that Schwalje and Affiliated Engineers obtained access to the premises and actually conducted an on-site inspection of the premises on September 21, 2005 or within a reasonable time thereafter;

b.    failing to advise anyone at or on behalf of Royal that Schwalje's report could not be used and Schwalje could never testify at trial without actually conducting an on-site inspection of the Parrot Restaurant premises in adequate time for the defense to arrange for Schwalje, or some other qualified engineer, to view the premises before it was changed;

6

c.    placing Royal and its insureds in a position where they were effectively without a premises liability expert at the eve of trial in The Parrot Restaurant litigation;

32.    Grodberg and Gibson & Behman's errors and omissions were the proximate cause of (1) there being no expert witness at trial to establish no premises liability in The Parrot Restaurant Litigation and (2) Royal being forced to settle the case on the eve of trial.

33.    As a result of the foregoing, the Plaintiff sustained actual damages in the amount of $585,000.

34.    But for Grodberg and Gibson & Behman's failure to exercise due care, the Plaintiff would have had a liability defense which would have made it successful in defending The Parrot Restaurant Litigation.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### Gibson & Behman and Grodberg

35.    Plaintiff realleges and restates paragraphs 1 through 34, inclusive, of the complaint as if fully set forth herein.

36.    There existed fiduciary relationships between Grodberg and Royal, Grodberg and Royal's insureds, Gibson & Behman and Royal, and Gibson & Behman and Royal's insureds in the Nixon Litigation by virtue of the attorney-client relationship and the Defendants' fiduciary obligations to Royal and its Insureds by virtue of the retention in the Nixon Litigation.

37.    Grodberg and Gibson & Behman breached their fiduciary duties to Royal and Royal's insureds in the Nixon Litigation by:

7

a.    either intentionally, and/or being negligent, and/or grossly negligent in, misrepresenting Schwalje's inspection and opinions to Royal and Royal's insureds;

b.    filing an expert disclosure in The Parrot Restaurant Litigation that stated that Schwalje's testimony would be based upon an examination of the premises when it was known that Schwalje never actually performed an on-site inspection of The Parrot premises;

c.    disclosing Schwalje's report implying that Schwalje had conducted an on-site inspection and made reference to the fact that Schwalje had traveled to the premises and offered opinions regarding the interior of the premises (adequate lighting, no loose carpeting, etc.) that by inference could only be given by one who personally inspected the area, when it was known that Schwalje never performed an on-site inspection of The Parrot premises;

38.    Grodberg and Gibson & Behman's breach of fiduciary duties were the proximate cause of (1) there being no expert at trial to establish no premises liability in the Nixon Litigation and (2) Royal being forced to settle the case on the eve of trial, and (3) sustaining actual damages in the amount of $585,000 (the amount it was forced to pay out in settlement in The Parrot Restaurant Litigation).

WHEREFORE, Plaintiff ARROWOOD INDEMNITY COMPANY, a Delaware corporation, as successor in interest to Security Insurance Company of Hartford, a foreign corporation, respectfully asks this court to enter judgment in its favor and against the Defendant,

8

GIBSON & BEHMAN, P.C., a Massachusetts professional corporation, in the amount of

$585,000 or any other amount of damages demonstrated by the evidence, plus costs, and for such

other and further relief as this Court deems just and equitable.

Dated: New York, New York
       July 9, 2008

                                      Yours, etc.,

                                      **LEAHEY & JOHNSON, P.C.**
                                      Attorneys for Plaintiff(s)
                                      ARROWOOD INDEMNITY COMPANY, a
                                      Delaware corporation, as successor in interest to
                                      Security Insurance Company of Hartford, a foreign
                                      corporation
                                      120 Wall Street, Suite 2220
                                      New York, New York 10005
                                      (212) 269-7308

        BY:                                    
                                 STEVEN MARTIN (5200)
                                 smartin@leaheyandjohnson.com