*F6830*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARROWOOD INDEMNITY COMPANY,                    Index No.: 08-CV-6227 (LAK)(JCF)
a Delaware Corporation, as successor in interest
to Security Insurance Company of Hartford,
a foreign corporation,

                              Plaintiff,                    ***AFFIRMATION***

        -against-

GIBSON & BEHMAN, P.C.,
a Massachusetts professional Corporation

                              Defendant.
-------------------------------------------------------------------X

        Barry Jacobs, Esq., an attorney duly admitted to practice in this Court, declares the truth

of the following statements under penalties of perjury:

        1.      I am a member of the firm of ABRAMS, GORELICK, FRIEDMAN &

JACOBSON, P.C., attorneys for defendant, GIBSON & BEHMAN, P.C.

        2.      This affirmation is submitted in support of the motion by the defendant, GIBSON

& BEHMAN, P.C., to dismiss plaintiff's Complaint for failure to state a claim upon which relief

can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

        3.      Annexed hereto as exhibits are the following documents, which I declare to be

true and correct copies:

        A.      Annexed hereto as Exhibit "A" is a true and correct copy of Plaintiff's Summons

                and Complaint, with exhibits, dated July 9, 2008.

        B.      Annexed hereto as Exhibit "B" is a true and correct copy of the Affidavit of

                Service of plaintiff's summons and Complaint, dated July 24, 2008.

WHEREFORE, on the basis of the foregoing, it is respectfully submitted that this Court should enter an Order granting defendant, GIBSON & BEHMAN, P.C.'s motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Dated: New York, New York
       August 12, 2008

_____
Barry Jacobs

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____     District of     _____New York_____

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

## JUDGE KAPLAN

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

## 08 CIV 6227

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

### J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE     JUL 0 9 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                              *Signature of Server*

                                          _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARROWOOD INDEMNITY COMPANY,                                 Case No.
a Delaware corporation, as successor in interest to
Security Insurance Company of Hartford,                     **COMPLAINT AND**
a foreign corporation,                                      **JURY DEMAND**

                                   Plaintiff,

              -against-

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation,

                                   Defendants.
------------------------------------------------------------X

Plaintiff, by their attorneys, LEAHEY & JOHNSON, P.C., complaining of the

Defendants herein, alleges the following upon information and belief:

## THE PARTIES

1.    Plaintiff ARROWOOD INDEMNITY COMPANY is a corporation registered in

the State of Delaware, and the successor in interest to Security Insurance Company of Hartford, a

foreign corporation (herein "Royal"). Royal bases its operations in Charlotte, North Carolina. At

all times relevant hereto, Royal was an insurance company providing, *inter alia,* primary liability

insurance to companies for injuries to persons.

2.    Defendant GIBSON & BEHMAN, P.C. is a professional corporation registered in

the Commonwealth of Massachusetts (herein "Gibson & Behman") that does business as a law

firm in multiple cities across the United States. The facts of this Complaint relate to Gibson &

Behman's attorneys located at its offices in New York, New York.

3.    At all times relevant hereto, attorney Mark S. Grodberg was an employee, shareholder, partner and/or agent of Gibson & Behman practicing law from the Gibson & Behman offices located in New York, New York.

## JURISDICTION AND VENUE

4.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Delaware and Defendant is a citizen of the Commonwealth of Massachusetts (with principal offices in the State of New York for the purposes of this case).

5.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6.    Venue is proper in the Southern District of New York because Defendant Gibson & Behman conducts business, and for the purposes of this case, resides in this judicial district. 28 U.S.C. §1391.

## ALLEGATIONS COMMON TO ALL COUNTS

7.    On or about April 26, 2003, Lionel Nixon was working as a driver's helper for a linen company when he delivered fresh linens to a restaurant commonly known as "The Parrot Restaurant" located at 123-07 Liberty Avenue, Richmond Hill, New York.

8.    At the time and place aforesaid, Lionel Nixon slipped and fell while ascending a stairwell at the restaurant premises.

9.    At the time of the accident, Lionel Nixon was 45 years of age and working full-time.

10.    As a result of the accident, Lionel Nixon sustained injuries to his left knee that required surgical repair of the quadriceps tendon.

2

11.     On December 12, 2003, Lionel Nixon filed suit for premises liability in Kings County Supreme Court in the State of New York, captioned *Lionel Nixon v. 123 S.S.S.S., Ltd. d/b/a The Parrot Restaurant*, Docket # 43749 (herein "Nixon Litigation").

12.     Royal provided personal injury premises insurance coverage to the defendants in the Nixon Litigation pursuant to a policy of insurance for premises liability.

13.     Upon notice of the Nixon Litigation, Royal retained attorney Mark S. Grodberg (herein "Grodberg") and Gibson & Behman to represent and defend Royal's own interests and the interests of Royal's insureds.

14.     On or about September 1, 2005, Grodberg advised Royal that although plaintiff's injuries appeared significant, the principal and viable defense under which the defense could prevail at trial would be based upon a lack of premises liability.  To establish this liability defense, Grodberg advised Royal that he would retain Affiliated Engineering Laboratories, Inc. ("Affiliated") and Jeffrey J. Schwalje ("Schwalje") to conduct an on-site inspection in order to establish no liability for Lionel Nixon's damage claims.

15.     Grodberg, in fact, subsequently retained Affiliated and Schwalje for that purpose.

16.     Affiliated is a corporation registered in the State of New Jersey that *inter alia*, provides structural and consulting engineers to companies and law firms seeking such necessary services in litigation of personal injury, property damage and/or product liability claims.

17.     Schwalje was an engineer of Affiliated working from its offices in Edison, New Jersey at all times pertinent to this complaint.

18.     Schwalje wanted to inspect the pertinent portions of The Parrot as a basis for his opinions in the Nixon Litigation.

3

19.    Grodberg informed Schwalje that he could access The Parrot on September 21, 2005, at a certain time and that Grodberg would meet Schwalje there that day at the appointed time.

20.    For reasons to be discovered, Grodberg failed to meet Schwalje at The Parrot on September 21, 2005, at the appointed time. The Parrot also was closed for interior remodeling (to other parts of the restaurant) on September 21, 2005. As a result of these two circumstances, Schwalje could not access The Parrot on September 21, 2005. Schwalje made several attempts while he was there to contact Grodberg and others to gain access to The Parrot without success. Schwalje returned to his New Jersey office without inspecting the restaurant premises at issue in the Nixon Litigation.

20.    On or about October 12, 2005, Schwalje submitted a report to Gibson & Behman in which he stated that: (1) he "...traveled to The Parrot Restaurant on 9/21/05 to inspect the incident stairway", (2) "Lighting is provided to the stairway from light fixtures at the top and bottom of the stairway and light strips along each stringer. The lighting provided was adequate to safely illuminate step features", and (3) "there is no evidence of loose carpeting on the stair treads. The stairs appear to be well maintained and safe for pedestrian use." A true and accurate copy of Schwalje's October 12, 2005 report to Gibson & Behman is attached hereto and made a part hereof as Exhibit "A".

21.    When Grodberg received Schwalje's report, dated October 12, 2005, Grodberg knew that Schwalje had not gained access to The Parrot and had not made an inspection of its premises. Grodberg informed Royal of Schwalje's favorable report supporting the premises liability defense of The Parrot in the Nixon Litigation, but did not inform the Royal or the Parrot

4

principals that Schwalje had never inspected the premises before issuing his report to Gibson & Behman.

22.    On or about November 3, 2005, Grodberg filed a Supplemental Expert Witness Disclosure in The Parrot Restaurant Litigation in which he named Schwalje as an expert in the Nixon Litigation and stated therein that Schwalje would rely upon "his examination of the premises..." to support his opinions.    A true and accurate copy of this Supplemental Expert Witness Disclosure is attached hereto and made a part hereof as **Exhibit "B"**.

23.    The trial in the Nixon Litigation was scheduled for May 8, 2006.

24.    In or about January 2006, new counsel for The Parrot substituted for Gibson & Behman and Grodberg in the Nixon Litigation.

25.    On or about May 3, 2006, Schwalje disclosed to new counsel (and Royal) for the first time that he never actually viewed the stairs in question. Schwalje informed counsel that Grodberg was aware of the fact that he had never actually inspected the stairs and that he never authorized Grodberg to disclose the report as if Schwalje had actually viewed the stairs in question.

26.    Under these circumstances, the defense could not use Schwalje at trial because his credibility was seriously compromised by Grodberg's disclosure of Schwalje's report as though he had inspected The Parrot premises.

27.    Royal was unable to retain another engineer to inspect the site because prior to January 2006, the premises of The Parrot at issue in the Nixon Litigation had been materially changed or remodeled. Thus, Royal and its insureds were left without an expert witness on the premises liability defense mere days before trial in a case with significant injuries to the plaintiff.

5

28.    As a result, Royal could not offer a liability defense and had no choice but to settle the Parrot Restaurant Litigation on the eve of trial for $585,000.

## COUNT I
## PROFESSIONAL NEGLIGENCE
### Gibson & Behman and Grodberg

29.    Plaintiff realleges and restates paragraphs 1 through 28, inclusive, of the complaint as if fully set forth herein.

30.    Grodberg and Gibson & Behman owed a duty to Royal and its insureds to exercise that degree of care, skill and diligence commonly possessed by a member of the New York legal community in relation to its retention in The Parrot Restaurant Litigation.

31.    Grodberg and Gibson & Behman breached their respective duties to Royal and its insureds by:

a.    advising that they would retain Affiliated Engineers for the purpose of conducting an on-site inspection of the Parrot Restaurant premises but failing to confirm and ensure that Schwalje and Affiliated Engineers obtained access to the premises and actually conducted an on-site inspection of the premises on September 21, 2005 or within a reasonable time thereafter;

b.    failing to advise anyone at or on behalf of Royal that Schwalje's report could not be used and Schwalje could never testify at trial without actually conducting an on-site inspection of the Parrot Restaurant premises in adequate time for the defense to arrange for Schwalje, or some other qualified engineer, to view the premises before it was changed;

6

c.    placing Royal and its insureds in a position where they were

effectively without a premises liability expert at the eve of trial in

The Parrot Restaurant litigation;

32.    Grodberg and Gibson & Behman's errors and omissions were the proximate cause of (1) there being no expert witness at trial to establish no premises liability in The Parrot Restaurant Litigation and (2) Royal being forced to settle the case on the eve of trial.

33.    As a result of the foregoing, the Plaintiff sustained actual damages in the amount of $585,000.

34.    But for Grodberg and Gibson & Behman's failure to exercise due care, the Plaintiff would have had a liability defense which would have made it successful in defending The Parrot Restaurant Litigation.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### Gibson & Behman and Grodberg

35.    Plaintiff realleges and restates paragraphs 1 through 34, inclusive, of the complaint as if fully set forth herein.

36.    There existed fiduciary relationships between Grodberg and Royal, Grodberg and Royal's insureds, Gibson & Behman and Royal, and Gibson & Behman and Royal's insureds in the Nixon Litigation by virtue of the attorney-client relationship and the Defendants' fiduciary obligations to Royal and its Insureds by virtue of the retention in the Nixon Litigation.

37.    Grodberg and Gibson & Behman breached their fiduciary duties to Royal and Royal's insureds in the Nixon Litigation by:

7

a.  either intentionally, and/or being negligent, and/or grossly negligent in, misrepresenting Schwalje's inspection and opinions to Royal and Royal's insureds;

b.  filing an expert disclosure in The Parrot Restaurant Litigation that stated that Schwalje's testimony would be based upon an examination of the premises when it was known that Schwalje never actually performed an on-site inspection of The Parrot premises;

c.  disclosing Schwalje's report implying that Schwalje had conducted an on-site inspection and made reference to the fact that Schwalje had traveled to the premises and offered opinions regarding the interior of the premises (adequate lighting, no loose carpeting, etc.) that by inference could only be given by one who personally inspected the area, when it was known that Schwalje never performed an on-site inspection of The Parrot premises;

38.  Grodberg and Gibson & Behman's breach of fiduciary duties were the proximate cause of (1) there being no expert at trial to establish no premises liability in the Nixon Litigation and (2) Royal being forced to settle the case on the eve of trial, and (3) sustaining actual damages in the amount of $585,000 (the amount it was forced to pay out in settlement in The Parrot Restaurant Litigation).

**WHEREFORE,** Plaintiff ARROWOOD INDEMNITY COMPANY, a Delaware corporation, as successor in interest to Security Insurance Company of Hartford, a foreign corporation, respectfully asks this court to enter judgment in its favor and against the Defendant,

8

GIBSON & BEHMAN, P.C., a Massachusetts professional corporation, in the amount of $585,000 or any other amount of damages demonstrated by the evidence, plus costs, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
      July 9, 2008

                      Yours, etc.,

                      **LEAHEY & JOHNSON, P.C.**
                      **Attorneys for Plaintiff(s)**
                      **ARROWOOD INDEMNITY COMPANY,** a
                      Delaware corporation, as successor in interest to
                      Security Insurance Company of Hartford, a foreign
                      corporation
                      120 Wall Street, Suite 2220
                      New York, New York 10005
                      (212) 269-7308

      **BY:**  _____
                  STEVEN MARTIN (5200)
                  smartin@leaheyandjohnson.com

9

# AFFILIATED ENGINEERING LABORATORIES, INC.

### *Engineering Consultants*

1101 Amboy Avenue
Edison, NJ 08837-2856

Phone: (732) 225-0360                                                    Fax: (732) 417-0165

October 12, 2005

Gibson & Behman, P.C.
80 Broad Street
13th Floor
New York, New York 10004

Attention: Mark Grodberg, Esq.

Re:    Nixon, Lionel vs. The Parrot Restaurant
       Your File No. RCA268
       Our File No. Q-9643

Dear Mr. Grodberg:

In accordance with your request, the writer has reviewed file material and photographs relating to the captioned matter. In addition, the writer traveled to The Parrot Restaurant on 9/21/05 to inspect the incident stairway. The writer's comments and opinions are as follows:

1.    The subject stairway provided access between the first and second floors of the building located at 123-07 Liberty Avenue, Richmond Hill, NY. The restaurant was located in the first and second floors. The second floor is used as a catering hall. The first floor contains a bar and dining area.

2.    The stairway was constructed in 2 flights separated by an intermediate landing.

3.    The stairway was enclosed by walls on each side. A handrail was installed on the right side viewed descending.

4.    The stair treads and risers were surfaced with green colored carpeting with a floral pattern. The carpeting extended to each stringer along the walls and was secured in water flow fashion.

5.    The step geometry appears normal and consistent.

6.    The carpeting as observed in the photographs appears to be securely installed with no loose or damaged areas.

Re: Nixon, Lionel vs. The Parrot Restaurant
October 12, 2005
Page 2 of 2

7.  Lighting is provided to the stairway from light fixtures at the top and bottom of the stairway and light strips along each stringer. The lighting provided was adequate to safely illuminate step features.

8.  There is no evidence of loose carpeting on the stair treads. The stairs appear to be well maintained and safe for pedestrian use.

Should further discussion be required, please contact the undersigned.

Very truly yours,

Jeffrey J. Schwalje, P.E.
Engineering Consultant

JJS/rms

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x

LIONEL NIXON,

                Plaintiff,

   -against-                    **SUPPLEMENTAL EXPERT
                               WITNESS DISCLOSURE
                               PURSUANT TO CPLR 3101 (D)**
                               Index No.:  48749/03

RAMNARACE MAHARAJ d/b/a THE PARROT
RESTAURANT BAR,

                Defendant.

-------------------------------------------------------------x

     **PLEASE TAKE NOTICE,** defendant RAMNARACE MAHARAJ, d/b/a THE

PARROT RESTAURANT BAR, through its attorneys, GIBSON & BEHMAN, P.C.,

pursuant to CPLR § 3101 (d) may call as a witness at the time of trial Jeffrey J.

Schwalje, P.E., P.P.

     1.    Mr. Jeffrey Schwalje is a licensed Professional Engineer in New York

and New Jersey and a licensed fire inspector in New Jersey.  He is currently an

engineering consultant for Affiliated Engineering Laboratories in Edison, New Jersey.

He is a member of the National Society of Engineers, American Society of Mechanical

Engineers, American Institute of Industrial Engineers, National Safety Council,

Building Officials and Code Administrators, and Illuminating Engineering Society. A

copy of Mr. Schwalje's *curriculum vitae* is annexed hereto as Exhibit A.

     2.    Mr. Schwalje will be called to give testimony, among other things,

regarding the premises of the defendant, Ramnarace Maharaj, d/b/a The Parrot

Restaurant Bar.

     3.    Mr. Schwalje will rely upon, *inter alia*, his examination of the premises,

his education, training and experience; case-specific records and reports,

photographs pertaining to the alleged accident, and other data generally relied upon

by a professional engineer.

4.    Mr. Schwalje will testify to a reasonable degree of engineering certainty, and may also rebut the testimony of plaintiff's expert and other witnesses.

5.    A summary of Mr. Schwalje's opinion is annexed herein as Exhibit B.

6.    This disclosure is pursuant to CPLR § 3101 (d) and is not intended to limit the scope or substance of the testimony of any expert called by this defendant at trial.    This disclosure should not be considered all encompassing, as expert testimony to be offered by this defendant shall depend, of necessity, upon the issues raised at trial by other experts, physicians, and witnesses.

**PLEASE TAKE NOTICE,** the defendant reserves the right to supplement this response prior to or at the time of trial.

Dated: New York, New York
        November 3, 2005

Respectfully submitted,

GIBSON & BEHMAN, P.C.

By: _____
    Mark S. Grodberg, Esq.
    Attorneys for Defendant
    RAMNARACE MAHARAJ d/b/a THE PARROT
    80 Broad Street, 13th Floor
    New York, New York 10004
    (212) 609-2634

TO:    Joseph L. Decolator, Esq.
       DECOLATOR, COHEN & DIPRISCO, LLP
       Attorneys for Plaintiff
       1399 Franklin Avenue, Suite 201
       Garden City, New York 11530
       (516) 742-6575

2

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                           ) ss.:

COUNTY OF NEW YORK  )

      Shane Figueroa, being duly sworn, deposes and says:

      I am not a party to this action, am over 18 years of age, and reside in New York, New York.

      That on November 3, 2005, I served the within **SUPPLEMENTAL EXPERT WITNESS DISCLOSURE PURSUANT TO CPLR 3101 (D)** by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York, upon:

                           Joseph L. Decolator, Esq.
                           DECOLATOR, COHEN & DiPRISCO, LLP
                           Attorneys for Plaintiff
                           1399 Franklin Avenue, Suite 201
                           Garden City, New York 11530
                           (516) 742-6575

                                     _____
                                        Shane Figueroa

Sworn to before me this
3rd day of November, 2005

VERONICA DI MATTIA
Notary Public, State of New York
No. 01 DI 4960800
Qualified in Richmond County
Commission Expires January 2, 2006

3

# EXHIBIT A

# AFFILIATED ENGINEERING LABORATORIES, INC.
### *Engineering Consultants*

1101 Amboy Avenue
Edison, NJ 08837-3856

Phone: (732) 225-0160

Fax: (732) 417-0165

**Resume:**                            JEFFREY J. SCHWALJE

**Education:**      Bachelor of Science - Industrial Engineering
Fairleigh Dickinson University, Teaneck, NJ (1978)
(Graduated with Honors).

Master of Science - Industrial Health and Safety Engineering,
New Jersey Institute of Technology, Newark, NJ (1981).
Completed thesis entitled, United States vs. Western Europe. A comparative
study of safeguarding practice against hazards at the point of operation in
metal forming systems.

**Professional:**      Professional Engineer
New Jersey License No. GE 30129
New York License No. 061405-1
Professional Planner
New Jersey License No. LI05046
Member of National Society of Professional Engineers
Member of American Society of Mechanical Engineers
Member of American Institute of Industrial Engineers
Member of National Safety Council
Member of ASTM - American Society of Testing and Materials
Member of Committee F-13 Safety And Traction
For Footwear
Member of Building Officials and Code Administrators
Member of Illuminating Engineering Society
Licensed Fire Inspector and Fire Sub-Code Official, State of New Jersey,
Bureau of Fire Safety License No. A001731

**Professional
Experience:**      Affiliated Engineering Laboratories, Inc. formerly
Schwalje & Eaton Associates, Inc., Edison, NJ
(January 1980 to Present)
Engineering Consultant - Duties include mechanical design, design of
manufacturing processes, design of storm drainage facilities, building and
site plan layout, plant and facility layout, testing and determining slip
resistance of walking surface materials, forensic engineering investigations
and expert testimony relating to machine design, construction and general

JEFFREY J. SCHWALJE                - 2 -

liability matters, laboratory research and product development. I have testified in State and Federal Court Jurisdictions throughout the United States in areas of safety engineering, mechanical engineering, industrial engineering, construction safety, slip resistance, mechanics of falls and accident reconstruction.

Metex Corporation, Industrial Products, Edison, NJ
(June 1978 to January 1980)
Project Engineering - Duties included plant layout, production troubleshooting, die design, machine guard design, director of safety, industrial hygiene, energy conservation program committee chairman, projects related to energy conservation, plant construction and expansion projects, productivity improvement projects, time studies.

Union Carbide Corporation, Linde Division, (Cryogenic gases),
Keasbey, NJ (May 1977 to September 1977).
Mechanical Engineering Assistant - Duties included layout and design project engineering, supervision of projects, troubleshooting mechanical systems, safety inspections, drafting.

Eaton Engineering Associates, Metuchen, NJ
(December 1976 to December 1979)
Staff Engineer Assistant (part time) - Duties included assisting in forensic engineering investigations, conducting research to write engineering opinion reports, drafting, photography of accident sites and related machinery where liability was involved.

# EXHIBIT B

# AFFILIATED ENGINEERING LABORATORIES, INC.

### *Engineering Consultants*

1101 Amboy Avenue
Edison, NJ 08837-2856

Phone: (732) 225-0360                                                Fax: (732) 417-0165

October 12, 2005

Gibson & Behman, P.C.
80 Broad Street
13th Floor
New York, New York 10004

Attention: Mark Grodberg, Esq.

Re:     Nixon, Lionel vs. The Parrot Restaurant
        Your File No. RCA268
        Our File No. Q-9643

Dear Mr. Grodberg:

In accordance with your request, the writer has reviewed file material and photographs relating to the captioned matter. In addition, the writer traveled to The Parrot Restaurant on 9/21/05 to inspect the incident stairway. The writer's comments and opinions are as follows:

1.    The subject stairway provided access between the first and second floors of the building located at 123-07 Liberty Avenue, Richmond Hill, NY. The restaurant was located in the first and second floors. The second floor is used as a catering hall. The first floor contains a bar and dining area.

2.    The stairway was constructed in 2 flights separated by an intermediate landing.

3.    The stairway was enclosed by walls on each side. A handrail was installed on the right side viewed descending.

4.    The stair treads and risers were surfaced with green colored carpeting with a floral pattern. The carpeting extended to each stringer along the walls and was secured in water flow fashion.

5.    The step geometry appears normal and consistent.

6.    The carpeting as observed in the photographs appears to be securely installed with no loose or damaged areas.

Re: Nixon, Lionel vs. The Parrot Restaurant
October 12, 2005
Page 2 of 2

7.     Lighting is provided to the stairway from light fixtures at the top and bottom of the stairway and light strips along each stringer. The lighting provided was adequate to safely illuminate step features.

8.     There is no evidence of loose carpeting on the stair treads. The stairs appear to be well maintained and safe for pedestrian use.

Should further discussion be required, please contact the undersigned.

Very truly yours,

Jeffrey J. Schwalje, P.E.
Engineering Consultant

JJS/rms

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Index No.: 08 CIV 6227

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford

                              *Plaintiffs,*

          -*against*-

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

                              *Defendants.*
-------------------------------------------------------------------X

### AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK              )
                               )  ss:
COUNTY OF NEW YORK             )

Conor McDonald, the undersigned, being over the age of 18 and not a party to this action and
being, duly sworn, deposes and says, as follows:

That on July 24, 2008, I served a true copy of the attached **SUMMONS IN A CIVIL ACTION,
COMPLAINT and JURY DEMAND** upon the offices of Gibson & Behman, P.C., at 80 Broad
Street, 13th Floor, New York, New York 10004. The aforesaid papers were handed by me to a
man who identified himself as Ron Langman. Mr. Langman had a medium complexion, short
dark hair, was approximately 30-35 years of age, weighed approximately 150-165 pounds, and
was approximately 5'5"-5'8" tall. Mr. Langman acknowledged service by accepting the papers
and printing and signing his name on a copy of the Summons included herewith.

                                             _____
                                             Conor McDonald

Sworn to before me this
24th Day of July, 2008

_____
NOTARY PUBLIC

      BRIAN CASEY
Notary Public, State Of New York
       No.02CA6069297
   Qualified In Nassau County
Commission Expires January 28, 20 *10*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

JUDGE KAPLAN

CASE NUMBER:

**08 CIV 6227**

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

Ron Longman

**J. MICHAEL McMAHON**

JUL 0 9 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

JUDGE KAPLAN UNITED STATES DISTRICT COURT

Southern _____    District of _____    New York

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

'08 CIV 6227

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUL 0 9 2008

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 7/24/08 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Conor McDonald | Para legal |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:
  80 Broad Street, 13 Floor  New York, NY 10004

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:


☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   7/24/08          _Cnr McPherson_
_____         _____
       Date                Signature of Server

                120 Wall St.  New York, NY 10007
                _____
                Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.